UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HEATHER FAPPIANO  							JURY TRIAL DEMANDED

v.  										CASE NO. 3:09CV

KELLY E. MacBETH
NEAL J. LEVITSKY
MANN BRACKEN, LLP

## CLASS COMPLAINT

1. This is an action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42 110a.

2. This Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant MacBeth is an attorney admitted to practice in Maryland and the District of Columbia. At all relevant times, she was employed by Mann Bracken, LLP or its predecessor, Wolfpoff & Abramson, L.L.P.

6. Defendant Neal J. Levitsky is an attorney admitted to practice in Delaware. At all relevant times, he was employed by Mann Bracken, LLP or its predecessor, Wolfpoff & Abramson, L.L.P.

7. In August 1997, defendants MacBeth and Levitsky, acting on behalf of Mann Bracken, LLP or its predecessor, Wolfpoff & Abramson, L.L.P. filed an arbitration claim

against plaintiff with the National Arbitration Forum (NAF) to be heard in Connecticut as required by the purported arbitration agreement submitted to NAF.

8. The defendants sought and were awarded attorney fees in the sum of $995.67.

9. Defendants sought and obtained an award of attorney's fees even though an award of fees was not permitted by Connecticut law.

10. After one year before the filing of this case, defendants transmitted hundreds of arbitration awards to Connecticut for the purpose of confirmation, including confirmation of the attorney's fee portion of the award.

11. Section 42-150aa of the Connecticut General Statutes provides:

Attorney's fees limited in actions on consumer contracts or leases.
   (a) The holder of any contract or lease entered into on or after October 1, 1979, the subject of which is money, property or services intended to be used primarily for personal, family or household purposes and which contains a provision for payment of attorney's fees of a creditor, seller or lessor, shall not receive, claim or collect any payment for attorney's fees (1) for an attorney who is a salaried employee of such holder or (2) **prior to the commencement of a lawsuit**.

   (b) If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any **judgment** which is entered

12. Section 51-88 of the Connecticut General Statutes prohibits the practice of law in or outside a Connecticut courtroom by a person not admitted as an attorney under the provisions of General Statutes § 51-80." Perlah v. S.E.I. Corp., 29 Conn. App. 43, 46, 612 A.2d 806 (1992). "[N]o one is entitled to recover compensation for services as an attorney at law unless he has been duly admitted to practice before the court . . . . And the same rule applies to a claim based on quantum meruit." (Internal quotation marks omitted.) Id. at 47.

13. No matter how much effort an unlicensed attorney puts into a case, he or she cannot recover for legal services because of not being admitted in Connecticut. <u>Biller Associates v. RTE. 156 Realty Co</u>., 52 Conn. App. 18, 725 A.2d 398 (1999), aff'd, 252 Conn. 400, 746 A.2d 785 (2000); <u>Taft v. Amsel</u>, 23 Conn. Supp. 225, 180 A.2d 756 (1962).

14. In the course of the collection, defendants violated §1692e, -f, or –g.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

    A. Under CUTPA, all persons in the State of Connecticut to whom, from and after the three years prior to the filing of this Complaint, Defendants sought and were awarded attorney's fees by a Connecticut arbitrator in an attempt to collect a non-business debt.

    B. Under the FDCPA, all persons in the State of Connecticut to whom, from and after the one year prior to the filing of this Complaint, Defendants transmitted an arbitration to Connecticut for enforcement by a Connecticut court of an award that included attorney's fees in an attempt to collect a non-business debt.

16. Each Class is so numerous that joinder of all members is impracticable.

17. Upon information and belief, Defendants sought enforcement of an attorney's fee award in hundreds if not thousands of petitions for confirmation of a non-business debt in the State of Connecticut.

18. A principal question of law common to the Class predominates over any

questions affecting only individual Class members. The principal question is whether Defendants violated the FDCPA or CUTPA by seeking attorney's fees from Connecticut residents to which they were not entitled by law or contract.

19. Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

21. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

22. Whether a Class member was subject to a petition for confirmation of an arbitration award that included attorney's fees can be determined by ministerial inspection of Defendants' records or of the records of local counsel.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum

statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendants' records.

## CLAIMS FOR RELIEF

## COUNT I - VIOLATION OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendants violated the FDCPA as to the Plaintiff and the Class. Defendant' violations include violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692f as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt; and

(c) Using unfair or unconscionable means to collect or attempt to collect an alleged debt.

26. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the Class for actual damages, statutory damages and attorneys' fees and costs.

## COUNT II - VIOLATION OF CUTPA

27. The Defendants' violations of the FDCPA constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

28. Plaintiff and the Class Members have suffered an ascertainable loss as a consequence of the Defendants' FDCPA violations, and each Defendant is liable to Plaintiff and members of the Class for actual damages,, punitive damages and attorneys' fees and costs.

29. The Defendants have acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate in accordance with Conn. Gen. Stat. § 42-110g(d)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(e) That the Court award all remedies provided by remedies provided by Conn. Gen. Stat. §42-110g; and,

(f) That the Court grant such other and further relief as may be just and proper, including punitive damages and injunctive relief.

                    THE PLAINTIFF

By **/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net