UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEATHER FAPPIANO,<br><br>  Plaintiff,<br>v.<br><br>KELLY E. MacBETH; NEAL J. LEVITSKY;<br>and MANN BRACKEN, LLP,<br><br>  Defendants. | 3:09-cv-00043 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

In this purported class action, the plaintiff alleges that the defendant's[1] efforts to confirm certain awards obtained in arbitration constituted violations of the federal Fair Debt Collection Practices Act and various Connecticut consumer protection laws. According to the (purported) Class Complaint [doc. #1], the violations began in arbitration, when defendant Mann Bracken, LLP asked arbitrators to award the attorneys' fees that Mann Bracken incurred while prosecuting the arbitration claim. The arbitrations took place "in Connecticut as required by the purported arbitration agreement." Compl. ¶ 7. Upon obtaining an award, Mann Bracken would seek to convert its award into a judgment by transmitting the award to Connecticut's state courts. Plaintiff argues that Connecticut law prohibits an attorney both from collecting attorneys' fees "on consumer contracts" if the fees were incurred "prior to the commencement of a lawsuit," and from collecting fees in Connecticut courts if that attorney is not admitted to practice in this State. *Id.* ¶¶ 11-12. Because Mann Bracken incurred its attorneys' fees "prior to the commencement of a lawsuit," and because Mann Bracken's attorneys were not admitted to practice in Connecticut,

---

1. Some time ago, plaintiff Heather Fappiano withdrew her complaint as to individual defendants Kelly E. MacBeth and Neal J. Levitsky, leaving only defendant Mann Bracken, LLP to defend this lawsuit.

plaintiff argues that defendant's efforts to collect on awards that included those fees were illegal under state and federal law.

Currently pending in this case is a motion by Mann Bracken seeking to compel arbitration in this matter or, in the alternative, seeking dismissal of the matter for failure to state a claim. Since that motion was filed, there has been a suggestion that Mann Bracken was on the verge of insolvency, and that the case should be stayed until the firm's future could be determined. On March 9, the Court entered an Order permitting defendant Mann Bracken's remaining counsel to withdraw, and this matter was stayed in all respects until April 3, 2010, the date by which Mann Bracken was ordered to secure the appearance of successor counsel. *See* Order [doc. #32].

However, to the Court's knowledge, the defendant has not filed a federal bankruptcy petition, and therefore there is no automatic stay in the case at bar.[2] Mann Bracken has not caused successor counsel to appear; thus, the partnership is currently unrepresented. A corporate entity may not litigate without an attorney. *See Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (failure of corporation to obtain successor counsel, as ordered by the district court, constitutes "a failure, under Rule 55(a), to 'otherwise defend as provided by these rules'"). A corporation that terminates its attorney is in peril of a default judgment, which is an appropriate sanction if the failure to obtain successor counsel persists and is willful. *See id.*; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991)

---

2. Through unrelated proceedings against Mann Bracken, it has come to the Court's attention that a Receiver has been appointed in Maryland state court to liquidate its assets. *See* Order Appointing Receiver, *In re: Mann Bracken, LLP*, Case No. V327646 (Cir. Ct. for Montgomery County, Md. Feb. 25, 2010) (Ronald B. Rubin, J.), *reproduced in* Mot. To Withdraw Appearance ex. A [doc. #66], *Lemire v. Wolpoff & Abramson, LLP*, No. 3:08-cv-00249 (CSH) (D. Conn. Apr. 12, 2010).

(holding that a partnership must be represented by counsel, and that the district court did not abuse its discretion by defaulting the partnership for failing to secure counsel), *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001) (distinguishing *Eagle Assocs.* and vacating the district court's default judgment, where the defendant corporation had sufficiently communicated to the court its efforts to obtain counsel, demonstrating its intent to fulfill its obligations as a litigant).

The Court is prepared to adjudicate the pending motions in this case. However, despite the well established preference for resolving cases on their merits, the Court is reluctant to decide those motions while the defendant is unable to receive notice of the decision or proceed further in the case. More importantly, the Court is reluctant to adjudicate those motions if the resulting decision would be a dead letter.

**Therefore, Mann Bracken or its successor in interest is hereby ORDERED to cause successor counsel to appear, or if it is unable to obtain the appearance of successor counsel, to submit a letter to the Court, with copies to plaintiff's counsel, explaining why it is unable to obtain such an appearance. IF MANN BRACKEN FAILS TO DO EITHER OF THESE THINGS ON OR BEFORE JUNE 6, 2010, THE COURT MAY ENTER A DEFAULT JUDGMENT AS TO LIABILITY WITHOUT FURTHER NOTICE.** Plaintiff's counsel must serve copies of this Order by certified delivery upon Mann Bracken at its last known address, and upon Receiver Cheryl E. Rose, Esq., at 12154 Darnestown Road, Box 623, Gaithersburg, MD 20878.

Dated: New Haven, Connecticut
       May 7, 2010                         */s/ Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge